IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOLLY O'HARA and BRANDY SILAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAG PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No.: _____<br><br>[Massachusetts Superior Court Case No. 2284CV02931] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), codified at 28 U.S.C. § 1332(d), Defendant AMAG Pharmaceuticals, Inc. ("AMAG") hereby gives notice of removal of the above-captioned case from the Suffolk County Superior Court of Massachusetts to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, AMAG states as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1.    AMAG is a biopharmaceutical company incorporated under the laws of Delaware with its principal place of business in Berkeley Heights, New Jersey.

2.    In 2011, AMAG's predecessor obtained approval from the US Food and Drug Administration ("FDA") to market and sell Makena (hydroprogesterone caproate), a progestin treatment indicated to reduce the risk of preterm birth in certain women. (Compl. ¶ 20, 32).[1]

---

[1] Reference is made to Plaintiffs' Complaint ("Compl.") filed on December 27, 2022 in Massachusetts Superior Court for Suffolk County, captioned *Silas v. AMAG Pharmaceuticals, Inc.*, No. 2284CV02931 (the "State Court Action"), a copy of which is attached as Exhibit A.

Makena was approved pursuant to the FDA's accelerated approval process and, as such, AMAG's predecessor was required to initiate a post-approval clinical trial (the "PROLONG trial") to further evaluate Makena.  (Compl. ¶ 76-78).

3.  On March 8, 2019, AMAG announced topline results from the PROLONG trial, which failed to confirm Makena's efficacy.  (Compl. ¶¶ 103-106).  On October 29, 2019, an FDA advisory committee recommended that Makena be withdrawn from the market.  (Compl. ¶ 109).  To date, however, the FDA has not withdrawn Makena's approval.  (Compl. ¶ 125).

4.  Following the advisory committee's announcement in 2019, plaintiffs across the country rushed to file class action lawsuits against AMAG asserting consumer protection claims based on AMAG's marketing of Makena as effective for its FDA-approved indication.[2]  In early 2020, those lawsuits were transferred to the United States District Court for the District of New Jersey, and were consolidated into a single case, captioned *Zamfirova v. AMAG Pharmaceuticals, Inc.*, Civ. A. No. 2:20-CV-00152.  (*See Zamfirova*, Dkt. Nos. 9, 11).

5.  By order dated May 25, 2021, the *Zamfirova* court dismissed all of the plaintiffs' claims, holding that all claims based on purchases of Makena prior to the release of the PROLONG results in March 2019 are preempted by federal law, because AMAG's marketing statements were consistent with Makena's FDA-approved indication and labeling and AMAG could not have changed Makena's labeling without prior FDA approval.  *See Zamfirova v. AMAG Pharms., Inc.*, No. 20-CV-00152, 2021 WL 2103287, at *8 (D.N.J. May 25, 2021).  The

---

[2]  *See Barnes v. AMAG Pharmaceuticals, Inc.*, No. 19-cv-05088 (W.D. Mo.) (filed Nov. 1, 2019); *Gill v. AMAG Pharmaceuticals, Inc.*, No. 19-cv-02681 (D. Kan.) (filed Nov. 4, 2019); *Faughnan v. AMAG Pharmaceuticals, Inc.*, No. 19-cv-01394 (N.D.N.Y.) (filed Nov. 12, 2019); *Zamfirova v. AMAG Pharmaceuticals, Inc.*, 2:20-cv-00152 (D.N.J.) (filed Jan. 3, 2020); and *Nelson v. AMAG Pharmaceuticals, Inc.*, No. 20-cv-00089 (E.D. Cal.) (filed Jan. 13. 2020).

court also dismissed the plaintiffs' claims based on purchases made after March 2019 for failure to state a claim, but allowed the plaintiffs leave to amend. *Id.*

6. On June 24, 2021, the *Zamfirova* plaintiffs filed a second amended complaint, and AMAG filed a motion to dismiss that complaint shortly thereafter. (*See Zamfirova*, Dkt. Nos. 66, 79). That motion to dismiss – which raises federal preemption and other arguments that would be fully dispositive of all of the plaintiffs' claims – is fully briefed and remains pending.

7. On December 27, 2022, Plaintiffs filed a copycat complaint in Massachusetts Superior Court for Suffolk County. Plaintiffs' Complaint is essentially identical to the second amended complaint filed in *Zamfirova*, except that Plaintiffs assert their claims under M.G.L. c. 93A instead of the state consumer protection laws pled in that case. Indeed, the entire "Factual Background and General Allegations" section – which spans 127 of the Complaint's 164 paragraphs – are cut-and-pasted virtually word-for-word from the *Zamfirova* complaint. The rest of the Complaint is likewise largely copied from the *Zamfirova* complaint, simply substituting in Plaintiff-specific facts and references to Massachusetts law.

8. AMAG will be filing a motion to transfer this case to the United States District Court for the District of New Jersey so that it can be consolidated with *Zamfirova* or, in the alternative, to stay this action until a reasonable time after the *Zamfirova* court resolves AMAG's pending motion to dismiss.

## II.     THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

9. AMAG removes this action on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists here because: (1) there is complete diversity between the Plaintiffs and AMAG; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A. **Complete Diversity Exists Between Plaintiffs and AMAG**

10. For purposes of diversity jurisdiction, an individual is a "citizen of the state in which he is domiciled," *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48, 49 (1st Cir. 1992), while a corporation is a citizen of the state where it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *see also Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 41 (1st Cir. 2016); *Celli v. Greenwich Ins. Co.*, 478 F. Supp. 3d 93, 96 (D. Mass. 2020). "Citizenship is determined as of the date of commencement of an action . . . ." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see also Transportation & Storage Sols. Inc. v. KLT Indus., Inc.*, No. CIV.A. 13-40137-TSH, 2014 WL 5320174, at *2, *4 (D. Mass. Oct. 17, 2014).

11. Plaintiffs are individuals who reside in and are citizens of Massachusetts. (Compl. ¶¶ 2, 6).

12. AMAG, a corporation, is incorporated under the laws of Delaware. (Compl. ¶ 11). The Complaint alleges that AMAG is "headquartered in Waltham, Massachusetts" (*Id.*), but that is not its principal place of business. In November 2020, AMAG was acquired by Covis Group S.à r.l. ("Covis"). (*Id.* at ¶ 36). Subsequent to the acquisition, including at the time of filing of the Complaint, AMAG's high-level officers have directed, coordinated and controlled its activities from its office in Berkeley Heights, New Jersey, not Massachusetts. *See* Declaration of Ozgur Kilic, ¶¶ 4-13 (March 1, 2023), a copy of which is attached as Exhibit B. Thus, AMAG's principal place of business, for purposes of determining citizenship, is in New Jersey. *See Hertz*, 559 U.S. at 80.

13. Because Plaintiffs are citizens of Massachusetts and AMAG is a citizen of states other than Massachusetts, complete diversity exists. *See* 28 U.S.C. §§ 1332, 1441(b).

**B.     The Amount in Controversy Requirement is Satisfied**

14. Pursuant to 28 U.S.C. § 1446(a), the removing party "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Here, AMAG submits that the amount in controversy clearly exceeds $75,000.

15. The Complaint states that Plaintiffs seek relief that "includes money damages in excess of $50,000," (Compl. ¶ 12), but it is facially apparent from the Complaint that Plaintiffs' claims exceed $75,000, exclusive of interests and costs. Plaintiffs are seeking, among other things, refunds for their purchases of Makena, as well as treble damages under M.G.L. c. 93A. (Compl. ¶ 162). Each of the Plaintiffs alleges that she underwent and paid for treatment with Makena three times, in connection with three different pregnancies. (Compl. ¶¶ 3-6, 7-10). Although Plaintiffs do not specify how much they paid for Makena, they allege that their claims are "typical of the claims of the other members of the class," (Compl. ¶ 149), and that "the average costs per pregnancy of Makena was $10,917," (Compl. ¶ 42), meaning that together Plaintiffs presumably paid over $60,000 for their Makena treatments. Even if they only paid half of the alleged average cost per pregnancy, when coupled with their request for treble damages (Compl. ¶ 162), the amount in controversy clearly exceeds $75,000. *See L. Off. of Joseph J. Cariglia, P.C. v. Jelly*, 146 F. Supp. 3d 251, 254 (D. Mass. 2015) ("The amount in controversy includes statutory multipliers of damages, such as the treble damages provision in Mass. Gen. Laws ch. 93A.").

**III.    THIS COURT HAS JURISDICTION UNDER CAFA**

16. In addition to traditional diversity jurisdiction, this Court also has jurisdiction over this Action under CAFA.

17. CAFA's first requirement – that class membership be no less than 100 persons (28 U.S.C. § 1332(d)(5)) – is satisfied here. This putative nationwide class action is brought on behalf of "[a]ll Massachusetts citizens who took the drug Makena (the "Class")." (Compl. ¶ 143). The Complaint alleges that "the Class consists of thousands of members or more." (*Id.* ¶ 147).

18. CAFA's second requirement – that any one member of the purported class be a citizen of a different state from any defendant (28 U.S.C. § 1332(d)(2)(A)) – is also satisfied. The Class is comprised entirely of "Massachusetts citizens." (Compl. ¶ 143). As discussed above, AMAG is not a citizen of Massachusetts.

19. CAFA's amount-in-controversy requirement – that the aggregate claims of the proposed class members exceed $5 million (28 U.S.C. § 1332(d)(6)) – is satisfied too. To satisfy that requirement, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Estimates for the amount in controversy may be calculated based upon the number of proposed class members multiplied by the typical damages alleged per class member to determine the amount in controversy. *See, e.g.*, *Sierra v. Progressive Direct Ins. Co.*, No. CIV.A. 12-30020-FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012) ("To ascertain the amount in controversy, a court may simply multiply (1) the putative class size by (2) a class member's typical damages.").

20. Although AMAG disputes that Plaintiffs or the putative class are entitled to any damages, it is clear from the Complaint that Plaintiffs are seeking in excess of $5 million on behalf of the putative class. Plaintiffs allege that the putative class members are entitled to

refunds for their purchases of Makena (among other remedies). As noted above, Plaintiffs allege that "the average costs per pregnancy of Makena was $10,917," (Compl. ¶ 42), and they claim the putative class "consists of thousands of members or more." (*Id.* ¶ 147). Even assuming the putative class consists of only 1,000 members, and that each putative class member only used Makena for a single pregnancy, the refunds Plaintiffs are seeking exceed $10 million using the alleged average amount per pregnancy – more than twice CAFA's $5 million amount-in-controversy requirement. And that does not even take into account Plaintiffs' request for treble damages and attorneys' fees, which are properly considered in determining the amount in controversy for purposes of removal under CAFA. *See Silverstein v. ING Bank, fsb*, No. CIV.A. 12-10015-GAO, 2012 WL 4340587, at *1 (D. Mass. Sept. 21, 2012) (considering treble damages under M.G.L. c. 93A for purposes of CAFA removal using similar method of calculating amount in controversy); *Harrington v. Wells Fargo Bank, N.A.*, No. CV 19-11180-RGS, 2019 WL 3818299, at *3 (D. Mass. Aug. 14, 2019) (noting that treble damages and attorneys' fees must be considered in determining the amount in controversy for an M.G.L. c. 93A claim).

## IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

21.  AMAG has met the procedural requirements for removal set forth in 28 U.S.C. § 1446. The United States District Court for the District of Massachusetts is the corresponding federal court for the Suffolk County Superior Court of Massachusetts, where this suit was originally filed. Venue is therefore proper in this Court under 28 U.S.C. §§ 101 and 1441(a), although AMAG will be filing a motion to transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

22.  AMAG was served with the Complaint and with process on or about February 22, 2023. This Notice of Removal was filed within 30 days of the date on which AMAG was served, and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

23. AMAG is providing Plaintiffs with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), and shall file a copy of this Notice, along with a Notice of Filing of a Notice of Removal, with the Clerk of the Suffolk County Superior Court.

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action, as available from the state court docket, are attached hereto as Exhibits C-F.

WHEREFORE, Notice is given that this action is removed from the Suffolk County Superior Court of Massachusetts to the United States District Court for the District of Massachusetts.

Dated: March 2, 2023

Respectfully submitted,

By: */s/ Safa Osmani*
Safa Osmani (BBO # 697034)
125 High Street, Suite 2010
Boston, MA 02110
Tel:   (617) 371-1000
Fax:   (617) 371-1037
safa.osmani@hoganlovells.com

Lauren S. Colton (pro hac forthcoming)
Marc A. Marinaccio (pro hac forthcoming)
Hogan Lovells US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel:   (410) 659-2700
Fax:   (410) 659-2701
lauren.Colton@hoganlovells.com
marc.marinaccio@hoganlovells.com

*Counsel for Defendant AMAG Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2023, copies of the foregoing Notice of Removal and accompanying exhibits were sent via first-class mail, postage prepaid, to:

>Patrick J. Sheehan
>WHATLEY KALLAS, LLP
>101 Federal Street, 19th Floor
>Boston, MA 02110
>
>*Counsel for Plaintiffs*

>/s/ Safa Osmani
>Safa Osmani